RECEIVED

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2019 NOV 20 P 2: 46

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| **ELRICK HARRIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | CASE NO. 2:19-cv-919 |
| | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **v.** | ) | |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Elrick Harris, by and through his undersigned counsel of record, and hereby doth complain and aver against the above-named Defendant, as set forth herein-below.

### I.    JURISDICTION & VENUE

1.    Plaintiff Harris files this Complaint, institutes these proceedings, and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. § 1331, 1343 (4), and 1367 as an actions arising under the act of Congress known as the Age Discrimination in Employment Act (29 U.S.C. § 621, et seq.); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981, The Laws of the State of Alabama, and The Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601.

2.    Plaintiff Harris filed a charge of age and racial discrimination with the EEOC in Birmingham, Alabama on March 19, 2019. (See Exhibit A). Plaintiff received a dismissal and notice of rights on August 23, 2019, giving Plaintiff the right to pursue this claim in federal court for 90 days after said receipt. (Exhibit B).

3.      Venue is proper in the Northern Division of the Middle District of Alabama, since the alleged discriminating action of Defendant occurred in Montgomery County, Alabama.

## II.      PARTIES

4.      The named Plaintiff, Elrick Harris (hereinafter "Plaintiff" or "Mr. Harris"), is a citizen of the United States and a resident of Montgomery, Alabama.  Plaintiff is over the age of nineteen.

5.      The Defendant, Hyundai Motor Manufacturing (hereinafter "Defendant" or "Hyundai"), operates and does business in Montgomery County, Alabama. At all times relevant to this complaint, Plaintiff was employed by Defendant.

## III.      STATEMENT OF FACTS

6.      Mr. Harris is a sixty (60) years old African American.

7.      Mr. Harris is one of the original employees of Hyundai's Montgomery, Alabama facility. Mr. Harris was hired by Hyundai on January 4, 2005, although production at the Montgomery plant did not begin until after his hiring. He was terminated by Hyundai on March 5, 2019.

8.      In 2017, Mr. Harris was happily employed with Hyundai until he was called as a witness in an internal investigation of a co-employee's racial discrimination claim against his supervisor, Rocky Long.  Mr. Harris truthfully answered questions asked of him by his superiors regarding alleged discrimination by Rocky Long. After that incident, Mr. Long began targeting and harassing Mr. Harris, specifically regarding his age and race.

9.      Mr. Harris began raising his concerns regarding Mr. Long's discrimination shortly thereafter. On or around November 2017, he reported his supervisor Mr. Long for disparate treatment. As a result, Hyundai conducted another internal investigation and ultimately disciplined Mr. Long for lying about Mr. Harris' FMLA request and attempting to discipline Mr. Harris for violations of call out procedures.

10.     Mr. Long told Mr. Harris that he would not recommend him for any promotions due to the discipline Long received from Hyundai as a result of Mr. Harris' discrimination allegations. Over the next few years, Mr. Long consistently failed to provide Mr. Harris with critical instruction and job information. Long also went to great lengths to constructively deny Mr. Harris access to overtime hours.

11.     Mr. Long often made racist and derogatory statements toward Mr. Harris and to other employees who relayed the statements to Mr. Harris. Of particular note, Mr. Long often told other supervisors that Mr. Harris "hated white people," and that he must have been raised and abused by white people because he hated them so much. Other supervisors were also told that they should not "look out for the blacks" and one supervisor was told that he would not advance because he was "always looking out for the blacks."

12.     Mr. Harris' health was adversely affected by the intentional harassment he sustained. The constant burden exacerbated his high blood pressure and it caused other physical injuries including muscle spasms, headaches, chest pain, and anxiety. He was forced to use FMLA on several occasions, including at the time he was fired.

13.     Mr. Harris sustained a few on the job injuries during his employment including a slip and fall in March of 2015 that resulted in a herniated disc, a rear end accident while test driving vehicles in June of 2015, a pole was dropped on his head causing a concussion in September of 2015, and a knee injury in January of 2017. He filed a worker's compensation claim as a result of his back injury and was fired immediately after failing to accept Hyundai's offer to compromise that claim. Shortly after his termination, he was forced to compromise that claim due to the financial hardship resulting from his termination.

14. Hyundai engaged in a pattern and practice of hiring younger temporary employees while simultaneously encouraging older employees to resign, terminating older employees, or otherwise forcing out older employees. The overwhelming percentage of such terminations are of employees over forty (40) years old, and many were over fifty (50) years old.

15. Mr. Harris was also insulted about his age and injuries while working for Hyundai by his supervisors. He was told that he "looked like he was about dead," by Rocky Long. He was also written up for working too slowly after he injured his back. Mr. Long also prevented him from receiving medical treatment as a result of his work-related injuries. Mr. Long specifically told Mr. Harris that he would not get any preferential treatment due to his age and disabilities.

16. Mr. Harris was terminated for "Serious Negligence" due to the inaccurate notion that he was claiming to have performed job duties, which he had not performed. During the internal investigation, other white employees were discovered to have had similar errors (incorrect VIN numbers or duplications of efforts with other employees) in their paperwork but were not disciplined or fired.

## COUNT ONE
## AGE DISCRIMINATION

17. Plaintiff was in a protected class regarding **age** and came within coverage of the **Age Discrimination** in Employment Act ("ADEA"), 29 U.S.C. 621, et seq., and in express and willful violation thereof, Defendant, wrongfully terminated him on or about March 5, 2019.

18. As a result of his wrongful termination, Plaintiff was caused to be injured and damaged; to have to seek other employment; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, shame, and embarrassment.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, demands the following relief:

(a) Reinstatement;

(b) Front pay for the years he would have worked absent Hyundai's discriminatory treatment;

(c) All back pay and fringe benefits from the date of his wrongful termination;

(d) Prejudgment interest;

(e) Attorney's Fees;

(f) Costs;

(g) Statutory liquidated damages due to Defendant's willful conduct or punitive damages to deter such conduct in the future;

(h) Compensatory damages for loss of wages, loss of benefits, mental anguish, emotional distress, embarrassment, loss of reputation;

(i) Injunctive relief; and

(j) Such other legal or equitable relief as may be appropriate or to which he may be entitled.

## COUNT TWO

## TITLE VII - DISPARATE TREATMENT – RACE

19.     Plaintiff adopts and re-alleges each allegation contained in this **Complaint** as if set out anew herein.

20.     In taking the above-described actions, Defendant intentionally discriminated against Plaintiff on the basis of his race, black, in violation of TITLE VII. Black employees and white employees were not treated similarly.

21.     Defendant condones and allows race-based **discrimination**. Said Defendant's actions were in violation of TITLE VII, and were taken with malice or reckless indifference to the federally-protected rights of Plaintiff.

22.     As a proximate consequence of the violation of TITLE VII by Defendant, Plaintiff has suffered and will continue to suffer damages to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, inconvenience, mental anguish, and non-pecuniary damages.

23.     Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a.) Placement in the position in which he would have worked absent the Defendant's discriminatory treatment;

(b.) Back pay;

(c.) Prejudgment interest;

(d.) Attorneys' fees;

(e.) Costs;

(f.) Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, embarrassment, emotional distress, both past and future;

(g.) Punitive damages to deter such conduct in the future;

(h.) Injunctive relief; and

(i.) Such other legal or equitable relief as may be appropriate to effectuate the purposes of TITLE VII or to which Plaintiff may be entitled.

## COUNT THREE

## TITLE VII – RETALIATION

24.     Plaintiff adopts and re-alleges each allegation contained in this Complaint as if set out anew herein.

25.   During his employment with Defendant, Plaintiff opposed unlawful employment practices, specifically by raising concerns about race discrimination.

26.   In response to, and as a direct result of, having engaged in statutorily protected activity, Plaintiff was retaliated against by Defendant, which adversely affected the terms and conditions of Plaintiff's employment.

27.   Defendant's retaliatory actions are in violation of TITLE VII.

28.   Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

   a. Placement in the position in which he would have worked absent the Defendant's discriminatory treatment;
   b. Back pay;

   c. Injunctive relief;

   d. Pre-judgment interest;

   e. Attorneys' fees;

   f. Costs;

   g. Punitive damages to deter such future conduct;

   h. Compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress; and

   i. Such other legal or equitable relief to which Plaintiff may be entitled.

## COUNT FOUR

## RACE DISCRIMINATION - § 1981

29.   Plaintiff adopts and realleges each and every allegation contained in this Complaint as if set out anew herein.

30.    In taking the above-described actions, Defendant intentionally and willfully discriminated against plaintiff due to his race, black, in violation of 42 U.S.C. §1981.

31.    Defendant's actions were in violation of § 1981 and were taken with malice or reckless indifference to the federally protected rights of Plaintiff.

32.    As a proximate consequence of the violations of § 1981 by Defendant, Plaintiff has suffered and will continue to suffer damage to his professional life and future career opportunities, future pecuniary losses, emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

33.    Plaintiff has satisfied all administrative prerequisites to bringing this claim.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands the following relief:

(a.) Placement in the position(s) in which he would have worked absent defendant's discriminatory treatment;

(b.) All back pay and fringe benefits from the date of his non-promotions;

(c.) Pre-judgment interest;

(d.) Attorneys' fees;
(e.) Costs;

(f.) Punitive damages to deter such conduct in the future;

(g.) Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, and embarrassment, both past and future; and

(h.) Such other legal or equitable relief, including injunctive relief, as may be appropriate to effectuate the purposes of § 1981 or to which he may be entitled.

## COUNT FIVE

### § 1981 – RETALIATION

34. Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

35. In taking the above-described actions, Defendant intentionally and wrongfully retaliated against Plaintiff for his complaints of discrimination in violation of § 1981, and such retaliation was taken with malice or reckless indifference to the federally protected rights of Plaintiff.

36. As a result of this retaliation, Plaintiff was caused to be injured and damaged; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a.) Placement in the position(s) in which he would have worked absent Defendant's retaliatory treatment;

(b.) All back pay from the date of his wrongful termination;

(c.) Injunctive relief;

(d.) Pre-judgment interest;

(e.) Attorneys' fees;

(f.) Costs;

(g.) Punitive damages to deter such conduct in the future;

(h.) Compensatory damages for loss of wages, loss of benefits, including, but not limited to, retirement and pension benefits, mental anguish, emotional distress, embarrassment, both past and future; and

(i.) Such other legal or equitable relief as may be appropriate to effectuate the purposes of § 1981 or to which he may be entitled.

## COUNT SIX

## FAMILY AND MEDICAL LEAVE ACT OF 1993 – INTERFERENCE

37.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

38.    Plaintiff was denied full benefits and rights under the FMLA, in that he was denied leave to which he was entitled under the FMLA to care for his serious health condition, and his employment was wrongfully terminated. Defendant's actions were in violation of the FMLA, and were taken willfully and with malice or reckless indifference to Plaintiff's federally protected rights.

39.    As a result of the denial of benefits under the FMLA, which resulted in his ultimate termination, Plaintiff has suffered and will continue to suffer damage to his professional life and career opportunities, pecuniary losses, mental anguish, emotional distress, inconvenience, embarrassment, shame, loss of enjoyment of life, and non-pecuniary damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

(a) Reinstatement; or, in the alternative,

(b) Damages equal to the amount of any wages, salary, employment benefits, or other compensation denied to Plaintiff by reason of Defendant's FMLA violations;

(c) Any actual monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violations;

(d) Injunctive relief;

(e) Pre-judgment interest;

(f) Attorneys' fees;

(g) Costs;

(h) Liquidated damages to deter such conduct in the future; and

(i) Such other legal or equitable relief as may be appropriate to effectuate the purposes of the FMLA or to which Plaintiff may be reasonably entitled.

## COUNT SEVEN

## FMLA – RETALIATION

40.     Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.

41.     Plaintiff was denied full benefits and rights under the FMLA in that he was retaliated against based on his exercise of FMLA rights to which he was entitled, and his employment was wrongfully terminated. Defendant's actions were in violation of the FMLA and were taken willfully and with malice or reckless indifference to the federally-protected rights of Plaintiff.

42.     As a result of the denial of benefits under the FMLA and his ultimate termination, Plaintiff was caused to be injured and damaged; to have to seek other employment; to have his career significantly and adversely impacted; to forego compensation and benefits; and to endure mental anguish, emotional distress, humiliation, and shame.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands the following relief:

(a.) Damages equal to the amount of any wages, salary, employment benefits, or other compensation denied to Plaintiff by reason of Defendant's violations;

(b.) Any actual monetary losses sustained by Plaintiff as a direct result of Defendant's violations;

(c.) Injunctive relief;

(d.) Prejudgment interest;

(e.) Attorneys' fees;

(f.) Costs;

(g.) Liquidated damages to deter such conduct in the future; and

(h.) Such other legal or equitable relief as may be appropriate to effectuate the purposes of the FMLA or to which he may be entitled.

## COUNT EIGHT

## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

43.    Plaintiff adopts and re-alleges each and every allegation contained in this Complaint as if set out anew herein.  This is a claim against both Defendants arising under the laws of the State of Alabama prohibiting the intentional infliction of emotional distress.

44.    The conduct of the Defendant, as aforesaid, was extreme, outrageous and beyond the boundaries of decency.

45.    Such conduct created a hostile work environment that was unwelcomed by Plaintiff, altered Plaintiff's working conditions and should not go unpunished.

46.    The intentional acts of harassment and intentional conspiracy toward Plaintiff by the Defendant's employees, and the subsequent ratification by the Defendant, altered Plaintiff's work environment.

47.    Hyundai's failure to implement its policy on discrimination in the workplace and managers'/supervisors' conduct and standards proximately caused Plaintiff to suffer severe emotional distress, mental anguish, embarrassment, humiliation, and trauma for which he claims damages.

48.    Plaintiff seeks declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, interest, compensatory and punitive damages, mental anguish, costs, attorneys' fees, and any and all such other relief the trier of fact may assess.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted this 20ᵗʰ day of _November_ 2019.

Elrick Harris, Plaintiff

Mark G. Montiel, Sr. MON016 (9485T-88M)
Mark G. Montiel, P.C.
6752 Taylor Circle
Montgomery, AL 36117
Telephone: (334) 467-9265
Counsel for Plaintiff

**PLEASE SERVE DEFENDANT:**

Hyundai Motor Manufacturing Alabama, LLC
Through their Registered Agent:
Christopher N. Smith
700 Hyundai Boulevard
Montgomery, Alabama 36105