IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ELRICK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv919-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

On December 23, 2020, the United States Magistrate
Judge entered an order granting the motion for a
protective order filed by defendant Hyundai Motor
Manufacturing Alabama, LLC.  The company claimed that a
document given to the counsel for plaintiff Elrick Harris
by Elena Jurca, formerly a paralegal at Hyundai, was
protected by privilege.  Hyundai sought to force Harris
to turn over all information related to the document and
to refrain from deposing Jurca.  This matter is now
before the court on Harris's objection to the magistrate
judge's order pursuant to Federal Rule of Civil Procedure

72(a).  As the court explained on the record during the status conference on March 15, 2021, Hyundai must produce additional evidence to support its claim of privilege. Therefore, the court will allow Hyundai additional time to offer such evidence and will provide Harris with an opportunity to respond.

## I.  BACKGROUND

This dispute arose over a document produced by Hyundai's legal department that features data about employees who had filed EEOC complaints against the company.  The parties disagree about how to characterize this document: Harris describes it as a list of employees the company planned to track and eventually fire, while Hyundai says that it was merely a way for the company to internally assess complaints that might lead to litigation.

The document was given to Harris's counsel by Elena Jurca, who was formerly employed as a paralegal in Hyundai's legal department.  When Harris's counsel

notified Hyundai of his receipt of the document and intent to depose Jurca, Hyundai objected, claiming that the information contained in the document was protected by privilege. Harris's counsel disagreed and refused to turn over the document, and the company subsequently filed a motion for a protective order.

The United States Magistrate Judge granted Hyundai's motion, concluding that both the document and Jurca's intended testimony are protected by work-product privilege as information prepared in anticipation of litigation and containing attorneys' mental impressions. Harris timely filed an objection to the magistrate judge's order under Federal Rule of Civil Procedure 72(a), requesting that the court set aside the order and allow him to use the document and depose Jurca.

## II.  STANDARD OF REVIEW

A district court reviews objections to non-dispositive orders by magistrate judges under Rule 72(a) of the Federal Rules of Civil Procedure. The court

"must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is clearly erroneous when, although it may have some support, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* A finding "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (Howard, J.).


### III.   DISCUSSION

Hyundai's motion for a protective order rests on the company's claim that the document Jurca produced to Harris's counsel, her testimony regarding that document, and any communications relating to that document are all protected by both attorney-client and work-product

**4**

privilege.    Questions  of  privilege  relating  to  claims
raised  under  federal  law,  as  in  this  case,  are  governed
by  the  principles  of  the  common  law  "as  interpreted  by
United    States    courts    in    the    light    of    reason    and
experience."    Fed.  Rule  Evid.  501;  *see  also  Hancock  v.
Hobbs*,  967  F.2d  462,  466  (11th  Cir.  1992).    The  party
invoking  either  attorney-client  or  work-product  privilege
has  the  burden  of  proving  that  it  applies.  *See  Republic
of  Ecuador  v.  Hinchee*,  741  F.3d  1185,  1189  (11th  Cir.
2013).    The  burden  of  sustaining  a  claim  of  privilege  is
a  heavy  one,  because  privileges  are  "in  derogation  of  the
search  for  truth"  and  should  be  neither  "lightly  created
nor  expansively  construed."    *United  States  v.  Nixon*,  418
U.S.  683,  710  (1974).    "[M]ere  conclusory  or  *ipse  dixit*
assertions"    are    not    enough    to    meet    the    burden.
*Bridgewater  v.  Carnival  Corp.*,  286  F.R.D.  636,  639  (S.D.
Fla.  2011)  (McAliley,  M.J.).    The  party  claiming  the
privilege  must  provide  the  court  with  "underlying  facts
demonstrating  the  existence  of  the  privilege,"  either
through  affidavit  or  otherwise.    *Id*.    A  failure  to

5

provide proof as to the claim of privilege will cause the claim to fail. *Id*.

The magistrate judge erred in finding that Hyundai did not need to provide evidence to support its claim of privilege because "a member of Defendant's legal team already produced the document to Plaintiff's counsel." Order (Doc. 45) at 3. The mere fact that the opposing party already possesses the document at issue does not relieve the party claiming privilege of the burden to substantiate its claims. This is clearly demonstrated in cases in which a party has inadvertently produced a document it claims is privileged. Courts considering such cases still begin their analyses with the question of whether the party has offered sufficient evidence to meet its burden, requiring more than conclusory assertions of privilege. *See, e.g., United States ex rel. Schaengold v. Mem'l Health, Inc.*, No. 4:11cv58, 2014 WL 5767042, at *3-4 (S.D. Ga. Nov. 5, 2014) (Edenfield, J.); *Preferred Care Partners Holding Corp. v. Humana,*

6

*Inc.*, 258 F.R.D. 684, 699 (S.D. Fla. 2009) (Simonton, M.J.).

Hyundai's unsupported claims are clearly insufficient to establish that the document and Jurca's testimony are privileged.    While   Hyundai's   briefing   frequently reiterated the importance of privilege, it did little to establish   that   any   privileges   *actually*   apply   to   the information at issue in this case.   Indeed, at times the company   simply   offered   a   blanket   assertion   that   "[t]he information Plaintiff's counsel currently possesses from his *ex parte* contact with Ms. Jurca is covered by the privilege,"   without   even   specifying   which   privilege   it was   referencing.   Motion   for   Protective   Order   (Doc.   30) at 2.

The descriptions that the magistrate judge relied on in   finding   that   the   information   here   is   privileged   were similarly   undetailed.      The   order   cites   Hyundai's explanation   of   the   document   as   "the   legal   department's internal   assessment   of   complaints   that   could   relate   to former,   current,   or   future   litigation,"   Order   (Doc.   45)

at 1, but at no point has the company done anything to substantiate this characterization of the document. As the magistrate judge acknowledged, the company offered neither an affidavit by someone familiar with the document nor a detailed description of the document and its purposes to back up its claim of privilege. Indeed, it has offered no evidence at all.

The court cannot find, based on only these vague explanations of what the document is and why it is confidential, that the document is protected by either attorney-client or work-product privilege. *See Bogle v. McClure*, 332 F.3d 1347, 1358 (11th Cir. 2003) (finding no privilege where appellants "did not present evidence regarding who, if anyone, received the memoranda other than [the stated recipients], what [the stated recipients] did with the memoranda once received, or whether [the author and stated recipients] understood the memoranda to be confidential"). Hyundai has not offered evidence to show, or attempted to explain, who ordered that the document be created, who participated in its

drafting, or to whom it was ultimately disclosed.   The
company has not even established the purpose for which
the document was created and used.

Hyundai's frequent references to the fact that Jurca
was a paralegal employed by the company's legal
department are not a sufficient replacement for such
evidence.   It is well-established that a court cannot
assume that a communication is privileged merely because
of the involvement of lawyers.   *See In re Grand Jury
Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992).
This is particularly relevant in the case of in-house
counsel, who are often "involved in all facets of the
enterprises for which they work" and who may thus engage
in a variety of activities outside of offering legal
advice.   *In re Vioxx Products Liability Litigation*, 501
F. Supp. 2d 789, 797 (E.D. La. 2007) (Fallon, J.).

The involvement of a lawyer alone is not enough for a
communication to be privileged--there are a variety of
other necessary elements.   For attorney-client privilege
to attach, the relevant communication must be made with a

client, in confidence, and for the purpose of seeking or providing legal assistance.  *See United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). Communications regarding business or personal matters, or which are shared with those outside the attorney-client relationship, are not protected.  Similarly, work-product privilege shields only those materials prepared in anticipation of litigation, and the protection applies differently to materials that reveal attorneys' mental processes and those that do not.  *See Hickman v. Taylor*, 329 U.S. 495, 511-13 (1947).  Hyundai has failed to meet its burden to offer evidence that the relevant communications meet these elements, and the court will thus deny its motion for a protective order.[1]

---

1.  The court declines to review the document or Jurca's testimony *in camera* at this time.  Review would be inappropriate on such a thin showing of privilege, shifting to the court a burden that Hyundai should bear itself.  *See United States v. DaVita, Inc.*, 301 F.R.D. 676, 681 (N.D. Ga. 2014) (Anand, M.J.).  *In camera* review "does not provide an adequate or suitable substitute" to evidence supporting a claim of privilege.  *Bridgewater*, 286 F.R.D. at 639.  It is proper "only after the burdened party has submitted detailed affidavits and other

The former Fifth Circuit warned that those who fail to make any "attempt to demonstrate in any specific way that any particular documents [fall] within the ambit of the privilege" should not expect the "grace" of being given another opportunity to supplement the record. *United States v. Davis*, 636 F.2d 1028, 1044 n.20 (5th Cir. Unit A Feb. 1981).[2]  However, recognizing the important interests privilege serves to protect, the court will allow Hyundai the opportunity to offer appropriate evidence for its claim of privilege.  If the company is able to meet its burden to establish that privilege applies, the court will revisit Harris's additional objections to the protective order.

---

evidence" to justify its claim of privilege, evidence which is totally absent here.  *CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at *5 (M.D. Fla. July 20, 1995) (Snyder, M.J.).

2. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

* * *

Accordingly, it is ORDERED that defendant Hyundai Motor Manufacturing Alabama, LLC has until 5:00 p.m. on March 24, 2021, to file additional evidence, with supporting argument, as to its claim of privilege.  If plaintiff Elrick Harris wishes to respond, he may file a response by 5:00 p.m. on March 31, 2021.

DONE, this the 15th day of March, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

12