IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ELRICK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv919-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Elrick Harris brings this case against

defendant Hyundai Motor Manufacturing Alabama, LLC,

asserting eight counts of discrimination and

retaliation that he alleges occurred during his

employment with the company. Count one alleges ages

discrimination in violation of the Age Discrimination

in Employment Act, 29 U.S.C. § 621 et seq.; count two

alleges disparate treatment on the basis of race in

violation of Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 1981a and 2000e through

2000e-17; count three alleges retaliation in violation

of Title VII; count four alleges discrimination on the basis of race in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; count five alleges retaliation in violation of § 1981; count six alleges interference with Harris's benefits under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq.; count seven alleges retaliation under the Family and Medical Leave Act; and count eight alleges intentional infliction of emotional distress under Alabama law. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental).

This matter is currently before the court on Harris's objection to a protective order entered by the United States Magistrate Judge. The order prevents Harris from using any of the documents given to his counsel by Elena Jurca, formerly a paralegal at Hyundai, and from deposing Jurca. Hyundai contends

that all of the documents and any testimony Jurca could give are protected by privilege.

The court previously found that Hyundai had not produced adequate evidence to support its assertion of privilege and allowed the company additional time to offer such evidence. *See Harris v. Hyundai Motor Mfg. Ala., LLC*, No. 2:19cv919, 2021 WL 966019, at *3 (M.D. Ala. Mar. 15, 2021) (Thompson, J.). With the supplemental briefing now complete, and having viewed both the main document at issue (a list of employee complaints) and a number of other documents that Hyundai asserts are privileged, the court finds that Hyundai has met its burden to raise an assertion of attorney-client privilege as to the list of employee complaints and Jurca's testimony about that document. The court further finds that Hyundai has not waived this privilege, nor does the crime-fraud exception apply. Therefore, the court will overrule Harris's objections and affirm the magistrate judge's protective

3

order to the extent that it covers those materials. However, the court finds that Hyundai has not satisfied its burden of demonstrating that the remaining documents are covered by attorney-client privilege, nor has it offered any reason to prevent Jurca's from testifying on any non-privileged matter. The court further finds that none of the materials are covered by the work-product doctrine.


## I.   BACKGROUND

The history of this dispute is detailed at greater length in the court's previous opinion. *See Harris v. Hyundai Motor Mfg. Ala.*, *LLC*, No. 2:19cv919, 2021 WL 966019, at *1 (M.D. Ala. Mar. 15, 2021) (Thompson, J.). In brief, the dispute centers on a document produced by Hyundai's legal department containing information about a number of employee complaints, including the race of both the complainants and the accused. The document was given to Harris's counsel by Elena Jurca, who was

**4**

formerly employed as a paralegal in Hyundai's legal department.

Jurca also provided Harris's counsel with a number of other documents, although it is not clear to the court exactly how many documents are at issue. In its motion for a protective order, Hyundai sought to prevent the use of the following documents and categories of documents: the list of employee complaints; all other documents Harris's counsel may have received from Jurca; and all tape recordings, notes, emails, and other records produced by Harris's counsel regarding those documents. After the magistrate judge ordered Harris to disclose all documents and other communications he and his counsel had been provided by Jurca, as well as any communications about the documents, he produced 140 pages of material. Among those were the following documents, attached by Hyundai to its additional briefing (Doc. 70): an email chain between Harris's

counsel and Jurca; a November 20, 2018, Confidential Separation Agreement; and a January 17, 2019, email announcing another employee's discharge, which included a handwritten notation. Hyundai has not produced copies of or described in detail any of the other documents.[1]

Hyundai contends that all of the documents provided to Harris's counsel are protected by privilege, and it filed a motion for a protective order to prevent Harris from using the documents or deposing Jurca. The magistrate judge, as stated, granted the motion, and Harris timely filed an objection to the magistrate

---

1. Hyundai has argued that Harris failed to produce everything he had received, while Harris says that he has produced everything in his possession. Hyundai has not sought to compel any additional disclosures, nor has it provided any detailed description of the documents it believes have not been produced. Even if Harris has failed to produce some documents, however, the burden is on Hyundai to provide evidence sufficient to support its assertion of privilege as to those documents, and without such evidence its assertion will fail. *See Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011) (McAliley, M.J.).

judge's order under Federal Rule of Civil Procedure
72(a).


## II.   STANDARD OF REVIEW

A district court reviews objections to
non-dispositive orders by magistrate judges under Rule
72(a) of the Federal Rules of Civil Procedure.   The
court "must consider timely objections and modify or
set aside any part of the order that is clearly
erroneous or is contrary to law."   Fed. R. Civ. P.
72(a).

"Clear error is a highly deferential standard of
review." *Holton v. City of Thomasville Sch. Dist.*, 425
F.3d 1325, 1350 (11th Cir. 2005).   A finding is clearly
erroneous when, although it may have some support, "the
reviewing court on the entire evidence is left with the
definite and firm conviction that a mistake has been
committed." *Id*.   A finding "is contrary to law when it
fails to apply or misapplies relevant statutes, case

law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (Morales Howard, J.).

### III.  DISCUSSION

Questions of privilege relating to Harris's assertions under federal law are governed by the principles of the common law "as interpreted by United States courts in the light of reason and experience." Fed. R. Evid. 501; *see also Hancock v. Hobbs*, 967 F.2d 462, 466 (11th Cir. 1992).[2]

The first issue before the court is whether Hyundai produced sufficient evidence in its supplemental briefing to meet the burden of proving that the materials are protected by privilege.  *See Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011)

---

2. Harris also raises a claim for intentional infliction of emotional distress under Alabama law. Generally, in civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. However, the Eleventh Circuit has held that "the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question, even if the [evidence] is relevant to a pendent state law count which may be controlled by a contrary state law of privilege." *Hancock*, 967 F.2d at 467. Since the court's jurisdiction here is based on a federal

(McAliley, M.J.) (explaining that the party asserting privilege must provide the court with "underlying facts demonstrating the existence of the privilege"). The court will consider as evidence the affidavit of Christopher Whitehead, a senior counsel in Hyundai's legal department, as well as the other documents Hyundai attached to its supplemental brief.

The magistrate judge's order mentions both attorney-client privilege and work-product doctrine, but it is not clear about whether she found that both apply to the materials or that only the work-product doctrine does. Therefore, the court will review each in turn.


## A. Work-Product Doctrine

The work-product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

---

question, the court will apply the federal law of privilege.

representative." Fed. R. Civ. P. 26(b)(3)(A). There are two main elements to this doctrine: The document must be produced by an attorney or the agent of an attorney, and it must be created in anticipation of litigation. *See Adams v. City of Montgomery*, 282 F.R.D. 627, 633 (M.D. Ala. 2012) (Thompson, J.). Litigation need not necessarily be imminent for a document to be protected by the work-product doctrine; all that is required is that "the primary motivating purpose behind the creation of the document [be] to aid in possible future litigation."[3] *United States v. Davis*, 636 F.2d 1028, 1040 (5th Cir. Unit A Feb. 1981).[4]

---

3. Other circuits have adopted a "because of" standard, which "asks whether a document was prepared or obtained because of the prospect of litigation," and courts in this circuit have questioned which standard should apply. *Adams*, 282 F.R.D. at 634. Because the outcome here would be the same under either standard, however, the court need not resolve this issue.

4. In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In his affidavit, Whitehead asserts that all the documents at issue are protected by the work-product doctrine. He says that the list of employee complaints and any testimony by Jurca regarding it relate to existing and anticipated cases and involve attorney mental impressions regarding the potential for litigation. He does not explain how any of the remaining documents relate to litigation, only that they involve legal advice and communications.

The magistrate judge agreed that both the list of employee complaints and Jurca's testimony are protected by the doctrine. She noted that filing an Equal Employment Opportunity Commission (EEOC) complaint is a required step before a plaintiff may file an employment discrimination lawsuit in federal court, and she thus concluded that a document that tracks EEOC complaints by its nature relates to anticipated future litigation. And any testimony from Jurca about why the document was created or how it was used, she held, would divulge the

12

mental impressions of the attorneys who prepared or analyzed it.

The work-product doctrine, however, does not apply to *all* internal investigations that may ultimately end in litigation. Even when litigation may be forthcoming, work-product protection is unavailable for documents that are prepared "in the ordinary course of business." *Adams*, 282 F.R.D. at 633. As this court has made clear, an organization cannot contend in good faith that all of its internal-affairs investigations are in anticipation of litigation. *See id.* at 634. Particularly if the organization routinely conducts investigations into all complaints of discrimination, there must be more evidence that the relevant documents were made specifically in anticipation of litigation. *See id*. at 633-34 (noting that in the investigation at issue, the complainant had indicated that he had begun legal action, the attorney who conducted the investigation specifically highlighted the potential

for litigation, and the investigation was more thorough and expansive than a routine investigation would have been).

Here, Hyundai has offered no evidence that it had any particular reason to anticipate litigation related to this list of complaints. The document seems to track purely routine investigations; it lists dozens of separate complaints, which appear to be the sum total of all investigations conducted by the legal department over the course of five years. There are no notes that litigation had been filed or threatened for any complaint. Indeed, it's not clear that *any* of the complaints in the document--much less all of them--were ever reported to the EEOC. Several of the complaints involve issues that would not be subject to EEOC enforcement, such as "Performance," "Rehire Policy," "Business Ethics," and "Drug & Alcohol Policy." It appears that the document could more accurately be described as a list of all internal complaints raised

**14**

by employees of the company, not of complaints raised to the EEOC.   The court cannot conclude that Hyundai had any particular reason to anticipate litigation as a result of any of these investigations, other than the fact that employee complaints and investigations sometimes result in litigation.   That possibility is not enough for the work-product doctrine to attach. *See Adams*, 282 F.R.D. at 633-34.

As to the rest of the documents, the court finds that Hyundai has not met its burden of providing evidence to show that the work-product doctrine attaches.   Whitehead's affidavit does not demonstrate any connection between the remaining documents and any litigation, either pending or anticipated.   Having reviewed the documents attached by Hyundai to its additional briefing, the court cannot find any indication that any of them were created in anticipation of litigation.   And without having either any of the remaining documents to review or a detailed

15

description of what they are and why they were produced, the court has no basis to find that they were created in anticipation of litigation. Therefore, the court concludes that the work-product doctrine does not attach to any of the remaining documents, either.

## B. Attorney-Client Privilege

For attorney-client privilege to attach, Hyundai bears the burden of establishing the following:

> "(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."

*United States v. Noriega*, 917 F.2d 1543, 1550 (11th Cir. 1990). Attorney-client privilege protects factual

communications between attorney and client gathered for the purpose of providing legal advice, even though the underlying facts may be discoverable. *See Fed. Trade Comm'n v. Boehringer Ingelheim Pharm., Inc.*, 180 F. Supp. 3d 1, 34 (D.D.C. 2016) (Harvey, M.J.).  As the Supreme Court has emphasized, "A fact is one thing and a communication concerning that fact is an entirely different thing." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

Harris argues that the list of employee complaints and Jurca's testimony are not protected by attorney-client privilege because Hyundai failed to show that they were prepared for the purpose of giving legal advice rather than for the business purpose of identifying employees for termination.  However, Whitehead states in his affidavit that the list of complaints was prepared at the direction of counsel for the purpose of providing legal advice.  He says that the document was created to allow the legal department

to advise the company about complaints in various divisions and the potential for liability under employment discrimination laws, and that it had in fact already been used for that purpose.   He further explains that the document was kept confidential, for the exclusive use of the legal department, and that it was communicated to other executives within the company only on a need-to-know basis.

Harris offers no evidence directly contradicting these statements.   Instead, he has merely put forward conclusory descriptions of the document as a list of employees who had lodged EEOC complaints that was used by the company to target them for termination.   But Harris himself does not seem convinced of this accusation--he admits that the documents could also be simply an administrative means by which to keep track of employee complaints or the legal department's investigation of those complaints.   And having reviewed the document, the court is not convinced that Harris's

description of its purpose is accurate. The document is entitled "Legal Department Investigations," which supports Hyundai's account of the document as a record of the investigations the company's lawyers had conducted into employee complaints. As discussed above, the list does not seem to be limited to employees who had lodged EEOC complaints, which undercuts Harris's contention. There would be no reason to include complaints labeled "Performance," "Rehire Policy," "Business Ethics," and "Drug & Alcohol Policy" on a document meant to track and retaliate against employees who reported issues to the EEOC, but it *would* be logical to have them on a broader list of investigations conducted by the legal department.

Even if Harris's description was accurate and the document was created to identify employees who had filed EEOC complaints for purposes of later terminating them, that alone would not be enough to establish that the document was not necessarily covered by privilege.

19

When advice given by counsel relates to both business and legal matters, attorney-client privilege still applies as long as the legal advice predominates over the business advice. *See Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684, 689 (S.D. Fla. 2009) (Simonton, M.J.). If, for example, the predominate reason for the involvement of the legal department and their creation of this document was to provide legal advice to the company about how to avoid or manage litigation risk with regard to termination, or even whether termination ran afoul of the law, the document would be protected. *See Jones v. RS&H, Inc.*, No. 8:17cv54, 2018 WL 538742, at *1 (M.D. Fla. Jan. 24, 2018) (Sneed, M.J.) (finding that advice from counsel about terminations as part of his overall legal review and counsel, and in which counsel was not the ultimate decision maker, was legal advice protected by attorney-client privilege). Since Harris has not rebutted Whitehead's assertion that the document was in

fact used to provide legal advice, his argument that it may also have been used to target employees for termination is insufficient to overcome the assertion of privilege, even if true.

While the court finds that the list of employee complaints and any testimony by Jurca relating to the list are protected by attorney-client privilege, it cannot find that Hyundai has met its burden of proving that any of the remaining documents are.  Whitehead's explanation of the other documents is cursory at best. He does not explain how any of the requirements of attorney-client privilege are met.  Instead, he merely notes that all of the documents would have been prepared as part of the legal work that in-house counsel conducted in order to advise internal clients. As this court emphasized in its previous opinion, however, the involvement of a lawyer (and particularly of in-house counsel) is not enough to make a document privileged.  *See Harris v. Hyundai Motor Mfg. Ala.*,

*LLC*, No. 2:19cv919, 2021 WL 966019, at *3 (M.D. Ala. Mar. 15, 2021) (Thompson, J.).

The court's review of the documents attached by Hyundai to its additional briefing provides no further support for the company's assertion of privilege. The email between Jurca and Harris's counsel did not involve Hyundai or its counsel; while Jurca may have a claim to privilege with regard to the email,[5] Hyundai certainly does not. As for the other two documents, a confidential separation agreement and an internal Hyundai email regarding the termination of an employee, the court lacks sufficient information to determine whether privilege applies. The company has not provided any account of who created the documents, the purpose for which they were used, or with whom they were shared. Indeed, the email appears to have been sent to dozens of individuals, and it is unclear who actually wrote the note attached to it. Given that

_____

5. It appears that Jurca first contacted Harris's counsel to obtain representation for herself.

Hyundai has failed to provide any evidence or detailed reasoning to support an assertion of privilege as to these documents, even after being specifically directed to do so, the court holds that none of the remaining documents are protected by attorney-client privilege.

As for any deposition of Jurca, courts must decide whether deposition testimony is privileged on a topic-by-topic basis rather than issuing a blanket protective order preventing a party from taking a deposition at all. *See United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969); *see also Salter v. Upjohn Co.*, 592 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."). While there is sufficient evidence for the court to conclude that Jurca may not answer questions regarding the list of employee complaints, that is not a basis to bar Harris from deposing her altogether. If

questions are asked during the deposition that could elicit privileged information, Hyundai is free to raise an objection at that point.

### C. Waiver and the Crime-Fraud Exception

Harris has raised two additional objections to the protective order.  First, he argues that Hyundai has waived attorney-client privilege as to the list of employee complaints because Jurca disclosed it to the EEOC as part of her own administrative charge against the company.  It is true that under Federal Rule of Evidence 502, a disclosure made in a federal proceeding or to a federal office or agency waives attorney-client privilege.  However, the disclosure does not operate as a waiver if (1) it is inadvertent; (2) the holder of the privilege took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error.  *See* Fed. R. Evid. 502(b).

24

The magistrate judge found that disclosure of the list of employee complaints to the EEOC was inadvertent on Hyundai's part because Jurca, not the company, was the one who submitted it. She further found that Hyundai had taken reasonable steps to prevent Jurca from disclosing the document by requiring her to sign a confidentiality agreement as part of her employment and that the company had promptly tried to rectify the error by alerting the EEOC that the document was privileged and expressly reserving its privilege assertion. The magistrate judge's conclusion that Hyundai had not waived its assertion of privilege was not erroneous.

Second, Harris argues that the document falls within the crime-fraud exception to attorney-client privilege because it was used to effectuate the firing of employees who filed EEOC complaints. The crime-fraud exception "removes the seal of secrecy from attorney-client communications or work product

materials when they are made in furtherance of an
ongoing or future crime or fraud." *Drummond Co. v.
Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir.
2018). Despite the fact that the behavior Harris
alleges constitutes neither a crime nor a fraud, he
argues that the exception encompasses various
violations of law, including torts.

As the magistrate judge noted, the Eleventh Circuit
has never extended the crime-fraud exception to Title
VII or employment discrimination cases. It has
consistently construed the exception as applying to
"communications made in furtherance of a *crime* or
*fraud*." *In re Grand Jury Investigation*, 842 F.2d 1223,
1226 (11th Cir. 1987) (emphasis added); *see also Motley
v. Marathon Oil Co.*, 71 F.3d 1547, 1551 (10th Cir.
1995) (finding that the Tenth Circuit had not extended
the crime-fraud exception to "torts generally" because
it had construed the exception in the same way).
Because the crime-fraud exception does not appear to

apply to employment discrimination or ordinary torts; because Harris has asserted no legal basis to extend the exception further; and because Harris has offered no evidence to establish that the list of employee complaints was produced in connection with a crime or fraud, the magistrate judge did not err in concluding that the list does not fall within the exception and is protected by attorney-client privilege.

* * *

Accordingly, it is ORDERED that the magistrate judge's order granting a protective order to defendant Hyundai Motor Manufacturing Alabama, LLC (Doc. 45) is affirmed as to the document listing employee complaints and Elena Jurca's testimony regarding that document. Plaintiff Elrick Harris is directed not to use or make any reference to the document. However, the protective order is vacated as to the remaining documents and Jurca's testimony on any other topic.

DONE, this the 19th day of April, 2021.

27

  /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE